IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES ex rel. <br> LATHIERIAL BOYD, | ) <br> ) <br> ) | |
| Plaintiff, | ) | No. 08 C 4257 |
| v. | ) <br> ) | Judge Robert W. Gettleman |
| GUY PIERCE, <br>   Warden, Pontiac Correctional Center <br>           Respondent. | ) <br> ) <br> ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lathierial Boyd has filed a second amended pro se petition for a writ of habeas corpus pursuant to the Anti-Terrorism and Effective Death Penalty Act ("ADEPA"), 28 U.S.C. § 2254, seeking to overturn his conviction for first-degree murder, attempted first-degree murder, and aggravated battery. Respondent has filed the instant motion to dismiss the petition as time-barred under 28 U.S.C. § 2244.[1] For the reasons discussed below, the court grants respondent's motion and dismisses the petition.

## FACTS

Petitioner Lathierial Boyd is incarcerated at Pontiac Correctional Center in Pontiac, Illinois. On December 10, 1990, petitioner was convicted of first-degree murder, attempted first-degree murder, and aggravated battery following a bench trial in the Circuit Court of Cook County. The evidence showed that, on February 24, 1990, petitioner fired an Uzi assault rifle into a crowd outside a bar on Chicago's north side. One individual was killed, one was paralyzed (and died three years later), and three others were wounded. The trial court sentenced

---

[1] Guy Pierce has replaced Joseph Mathy as the warden of the Pontiac Correctional Center and is thus the proper respondent in this habeas action. See Rule 2(a) of the Rules Governing Habeas Corpus Cases under 28 U.S.C. § 2254. Pierce is hereby substituted as Respondent.

petitioner to 55 years' imprisonment for first-degree murder and a consecutive 27 years' imprisonment for attempted murder, in addition to 5 years' imprisonment for aggravated battery, to run concurrently.

Petitioner appealed his conviction, and the Illinois Appellate Court affirmed the conviction on March 24, 1993. People v. Boyd, No. 1-91-0098 (Ill. App. 1993). Petitioner did not file a petition for leave to appeal ("PLA") to the Illinois Supreme Court.

On August 3, 1993, petitioner filed a counseled postconviction petition pursuant to 725 ILCS 5/122-1, et seq. After holding an evidentiary hearing, the state trial court denied the petition on October 12, 1994. Petitioner appealed, and on January 31, 1996, the state appellate court affirmed. People v. Boyd, No. 1-94-3734 (Ill. App. 1996). Petitioner filed a PLA in the state supreme court, which that court denied on June 5, 1996. People v. Boyd, 667 N.E.2d 1059 (Ill. 1996).

Petitioner filed a second postconviction petition on March 19, 1998. The state trial court denied that petition on May 7, 1998. Petitioner again appealed, and on August 30, 2000, the state appellate court affirmed. People v. Boyd, No. 1-98-2135 (Ill. App. 2000). Petitioner filed a PLA in the state supreme court, which that court denied on November 29, 2000. People v. Boyd, No. 90361 (Ill. 2000).

On March 6, 2002, petitioner filed a third (counseled) postconviction petition. After an evidentiary hearing, the state trial court denied the petition on September 15, 2004. Petitioner appealed, and on May 12, 2006, the state appellate court affirmed. People v. Boyd, No. 90 CR 8602. Petitioner filed a PLA in the state supreme court, which was denied on September 27, 2006.

Petitioner filed his fourth postconviction petition on July 14, 2008. The state trial court denied that petition on September 12, 2008, and petitioner filed a notice of appeal on October 30, 2008. This postconviction appeal is currently pending.

Petitioner filed the instant petition for writ of habeas corpus on July 15, 2008. On August 25, 2008, and again on September 23, 2008, petitioner moved to amend his petition with additional grounds for relief. The court granted both motions.

As amended, the habeas petition raises seven claims:

(A) the prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), by failing to disclose a witness's statement to police that petitioner was not the shooter;

(B) petitioner is actually innocent;

(C) the state trial court made unsupported factual and credibility determinations when it denied petitioner's third postconviction petition;

(D) trial counsel was ineffective for failing to:

(1) call several witnesses who had given police a physical description of the shooter that was inconsistent with petitioner's appearance;

(2) develop an alibi defense;

(3) introduce into evidence police reports demonstrating the real shooter's "true motive";

(4) introduce evidence that Yuri Smith was the shooter; and

(5) call co-counsel as a witness at trial to rebut a police officer's allegedly false testimony;

(E) the attorney who prepared petitioner's first postconviction petition was ineffective for the same reasons that trial counsel was ineffective;

(F) the attorneys who represented petitioner during his third round of postconviction proceedings were ineffective; and

(G) the judge who presided at trial violated petitioner's right to due process:

(1) when he threatened to send potential jurors to serve on a medical malpractice jury if they admitted they were biased against the criminal justice system; and

(2) because, as part of the criminal justice system, he was "racist, nefarious, arrogant, cruel, [and] impartial [sic]."

## DISCUSSION

**I. Plaintiff's Claims Are Time-Barred**

To timely file his petition, petitioner had one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, § 2244(d)(1)(A), or from the date on which the factual predicate of petitioner's claims could have been discovered through the exercise of due diligence, § 2244(d)(1)(D). Section 2244(d)(2) provides that this one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."

Because they are based on facts known to petitioner at the time of his trial, claims (D) and (G) implicate § 2244(d)(1)(A), and thus the limitations period with respect to those claims runs from the date on which petitioner's judgment of conviction became final. The other five

4

claims implicate § 2244(d)(1)(D) because they are based on events that occurred after petitioner's judgment became final, or on facts that petitioner contends were not reasonably discoverable until November 2001. Therefore, the limitations period for each of those claims runs from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. For the reasons discussed below, each of petitioner's claims is time-barred.[2]

### A. Two of Petitioner's Claims Are Untimely Under § 2244(d)(1)(A)

The limitations period with respect to two of petitioner's claims—that he received ineffective assistance of counsel at trial and that the trial court violated his right to due process—began running when his time for seeking direct review expired and the judgment became final. 28 U.S.C. § 2244(d)(1)(A). At the time of petitioner's direct appeal, Ill. Sup. Ct. R. 315(b) provided that, except in circumstances not applicable here, petitioner had 21 days after entry of the appellate court's judgment to file a PLA. Petitioner did not, however, file a PLA, and therefore he could not have filed a petition for writ of certiorari. See 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered *by the highest court of a State in which a decision could be had*, may be reviewed by the Supreme Court by writ of certiorari . . . .") (emphasis added). The time for seeking direct review thus expired on April 14, 1993, 21 days after the Illinois Appellate Court affirmed his conviction on March 24, 1993. See Anderson v. Litscher, 281 F.3d 672, 674-75 (7th Cir. 2002). But because the judgment became final before the effective

---

[2] Petitioner argues that if any one of his claims is timely, then the court should consider all of his claims. Respondent contends that the statute of limitations applies on a case-by-case basis. The court need not resolve this dispute, however, because every claim petitioner advances is untimely.

5

date of AEDPA, petitioner had until April 24, 1997, to file his petition.  Newell v. Hanks, 283 F.3d 827, 833 (7th Cir. 2002) (holding that, for prisoners whose convictions became final before AEDPA's enactment on April 24, 1996, a one-year grace period extends to April 24, 1997).

The limitations period is tolled while a properly filed application for state postconviction relief is pending.  28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).  Petitioner's first postconviction petition tolled the limitations period through June 5, 1996, when the Illinois Supreme Court denied his PLA.  See Lawrence v. Florida, 549 U.S. 327, 332 (2007) (explaining that a state postconviction application remains pending until final resolution through the state's postconviction procedures).  The limitations period began running the following day, June 6, 1996, and expired one year later, on June 6, 1997.  These two claims are therefore untimely under § 2244(d)(1)(A).[3]

### B. Petitioner's Five Other Claims Are Untimely Under § 2244(d)(1)(D)

**Claim A: Brady Violation**

Petitioner argues that the prosecutors at his trial violated Brady by failing to disclose that, after witness Jennifer Bonanno viewed him in a line-up, she told police that he was not the shooter.  According to respondent, petitioner's postconviction counsel discovered the facts underlying his Brady claim in November 2001, as evidenced by statements made in a letter to petitioner from his postconviction counsel ("In your successor post-conviction petition, Lawrence C. Marshall [one of petitioner's postconviction attorneys] stated in an affidavit that in

---

[3] Because petitioner filed his remaining postconviction petitions after the limitations period has expired under § 2244(d)(1)(A), these petitions have no tolling effect.  Escamilla v. Jungwirth, 426 F.3d 868, 870 (7th Cir. 2005) (state collateral proceeding initiated after statute of limitations expired had no tolling effect under § 2244(d)(2)).

6

November 2001, he learned of Jennifer Bonanno's statements [in which she excluded petitioner as the shooter] from WGN.") and by petitioner's third petition for postconviction relief ("[Petitioner's] counsel first learned about Bonanno's whereabouts in November 2001, and interviewed her within several days."). The court, however, disagrees and finds that the facts underlying petitioner's Brady claim were not discoverable until February 28, 2002, when Bonanno viewed a photograph of the lineup she had originally seen in 1990, and executed an affidavit in which she explained that, after viewing the lineup, she stated to the police that petitioner was not the shooter. Petitioner attached this affidavit to his third postconviction petition.

Assuming that the date on which petitioner reasonably could have discovered the factual predicate of his Brady claim was February 28, 2002, 5 days of untolled time elapsed before he filed his third postconviction petition on March 6, 2002. The limitations period remained tolled until September 27, 2006, when the Illinois Supreme Court denied his PLA. The statute of limitations began running again on September 28, 2006, and expired 360 days later, on September 24, 2007. This claim is therefore untimely under § 2244(d)(1)(D).

**Claim B: Actual Innocence**

Petitioner contends that he is actually innocent, but actual innocence is not a cognizable claim under 28 U.S.C. § 2254. See Herrera v. Collins, 506 U.S. 390, 404 (1993) (actual innocence is not a substantive ground for habeas relief). Even if it were a cognizable claim, it is time-barred. The factual basis for petitioner's actual innocence claim is Bonanno's statements, which, as discussed above, were reasonably discoverable on February 28, 2002. Therefore, the statute of limitations expired on September 24, 2007, nearly 10 months before petitioner filed his

7

petition on July 15, 2008.  Moreover, an actual innocence claim "does not extend the time to seek collateral relief."  Escamilla v. Jungwirth, 426 F.3d 868, 871 (7th Cir. 2005); see also Griffith v. Rednour, __ F.3d __, 2010 WL 2852631 (7th Cir. July 22, 2010) (reaffirming that actual innocence does not excuse an untimely petition).  "Prisoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action."  Escamilla, 426 F.3d at 872.  The court must therefore reject petitioner's actual innocence claim as time-barred.

**Claim C: State Trial Court's Denial of Third Postconviction Petition**

Petitioner also attacks as unreasonable the state trial court's factual and credibility findings made when that court rejected petitioner's Brady claim and denied his third postconviction petition.  The factual predicate for that claim arose on September 15, 2004, when the state trial court denied petitioner's third postconviction petition.  Petitioner had one year from that date to raise this claim in a federal habeas petition.  His third postconviction petition tolled the statute of limitations until September 27, 2006, when the Illinois Supreme Court denied his PLA.  Lawrence, 549 U.S. at 332.  Petitioner thus needed to file his federal habeas petition by September 27, 2007, but did not do so until July 15, 2008.  This claim is therefore time-barred.

**Claim E: Ineffective Assistance at First Postconviction Petition**

Next, petitioner alleges that his 1993 postconviction trial counsel was ineffective.  This claim is not cognizable on federal habeas review.  28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Even if the claim were

8

cognizable, it is time-barred. The court assumes that petitioner could not have discovered the factual predicate for this claim until October 12, 1994, when the trial court denied postconviction relief after reviewing the petition and conducting an evidentiary hearing. Petitioner was entitled, under Newell, 283 F.3d at 382, to a one-year grace period in which to file his federal habeas petition. That period was tolled until June 5, 1996, when the Illinois Supreme Court denied his PLA. See Lawrence, 549 U.S. at 332. Because petitioner needed to file his petition by June 5, 1997, this claim is time-barred.

**Claim F: Ineffective Assistance During Third Postconviction Proceedings**

Finally, petitioner alleges that the attorneys who represented him during his third round of postconviction proceedings were ineffective. This claim is not cognizable under § 2254(i), and it is also time-barred. The claim appears to be based on two letters, dated February 23, 2007, and May 17, 2007, in which petitioner's postconviction attorneys advised him that he was unlikely to prevail on federal habeas review. Petitioner did not file the instant petition until July 15, 2008, well over a year after he would have received the second of these two letters. This claim is therefore time-barred under § 2244(d)(1)(D).

**II.     Equitable Tolling Is Not Warranted in this Case**

Petitioner urges the court to apply the doctrine of equitable tolling to his claims. "Equitable tolling is rarely granted," Tucker v. Kingston, 538 F.3d 732, 734 (7th Cir. 2008), and excuses an untimely filing only when a petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way [to prevent timely filing]." Holland v. Florida, 130 S.Ct. 2549, 2560 (2010); see, e.g., Simms v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010).

9

Petitioner argues that his "mental illness and impairment" during the period for timely filing of his petition amounts to "extraordinary circumstances" warranting equitable tolling. Petitioner offers Illinois Department of Corrections psychiatric records establishing that he suffered from "major depression" between May 2006 and August 2008, and that during that time he was treated with antidepressant and antianxiety medication. Petitioner further alleges that after the Illinois Supreme Court denied his third postconviction PLA in September 2007, he "fell into a deep depression" that prevented him from timely filing his petition.

Petitioner's argument for equitable tolling is unavailing. First, the limitations period for three of petitioner's claims expired before May 2006, when petitioner alleges his depression began. Second, as to the other four claims, "[m]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996). The psychiatric records petitioner filed with the court show, however, that during the period in which his time to file a federal habeas petition expired, petitioner was pursuing his legal rights. He prepared and filed eight prison grievances challenging prison conditions and discipline he received after allegedly breaking prison rules; he worked on a clemency petition; he consulted with his attorneys about the viability of a federal appeal; and he organized a group to help with other inmates "in his situation." This extensive record of activity belies petitioner's claim that he was unable to prepare and file a habeas petition while the limitations period was in effect.[4]

---

[4] Petitioner also contends that because he is actually innocent, no other explanation besides mental illness could account for his delay in filing his habeas petition. ("Did he simply fail, through carelessness and inadvertence, to exercise reasonable diligence in seeking relief? Under the circumstances of this case, we submit that to ask such questions is to answer them.") This circular argument does not help petitioner to show that his mental illness "in fact"

10

Further, petitioner's psychiatric records show that he was receiving effective antidepression and antianxiety medication, which undercuts, not enhances, his position that he was unable to manage his legal affairs. See Miller, 77 F.3d at 192 ("Most mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal mentation and behavior. When his illness is controlled he can work and attend to his affairs, including the pursuit of any legal remedies that he may have."). On May 13, 2006, petitioner informed his psychiatrist that "his symptoms are relieved somewhat by his antianxiety and antidepression medications." In each of petitioner's monthly psychiatric records between August 18, 2006, through October 17, 2007, petitioner's treating psychiatrist described him as "alert," "oriented," and "cooperative." Records from this time period also reveal that petitioner's psychiatrist found that his judgment was "good" or "fair," and that his "thought processes were organized," "logical, sequential and goal directed." In addition, petitioner's psychiatric records refute his claim that he fell into a deep depression when the Illinois Supreme Court denied his third postconviction PLA. Although petitioner stated that he was "very depressed and upset" almost three weeks after the Illinois Supreme Court denied his PLA, several weeks later petitioner reported that although he was "still slightly upset from having his appeal denied," he was "able to handle it at this point." Petitioner has not, therefore, demonstrated that he was incapable of preparing and filing his petition within the limitations period.

---

prevented him from timely filing.

11

## **CONCLUSION**

Because the instant petition is time-barred under 28 U.S.C. § 2254(d)(1)(A) and (D), and because petitioner is not entitled to equitable tolling, the court grants the respondent's motion to dismiss petitioner's petition for writ of habeas corpus.

**ENTER:** September 17, 2010

*[Signature: Robert W. Gettleman]*

**Robert W. Gettleman
United States District Judge**